GIRMAN, Respondent, vs. HAMPEL, Appellant.

*September 25—October 20, 1925.*

*Master and servant: Compensation: Bonus in addition to salary: How computed: Percentage of monthly profits: Prior losses not deductible: Practical construction of contract by parties.*

Under a contract of employment entitling the employee to a bonus of fifteen per cent. of the monthly operating profits in addition to salary, net losses of one month are not deductible from net profits of another month in computing the bonus, where the evidence disclosed that the employee received a monthly statement of profit and loss, and also a statement of a balance due at a designated time without deduction of prior losses, as the acts and conduct of the parties clearly indicated an intention so to construe the agreement. *Thomas v. Columbia Phonograph Co.* 144 Wis. 470, distinguished.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Higgins & Higgins,* attorneys, and *Buckmaster & Hammond,* of counsel, all of Kenosha.

For the respondent there was a brief by *Stewart & Vaudreuil* of Kenosha, and oral argument by *Calvin Stewart.*

DOERFLER, J. It is the claim of the plaintiff that on or about the 1st day of January, 1922, the defendant hired him as a manager of his meat market, in the city of Kenosha, upon a weekly salary of $30 and fifteen per cent. of the monthly operating profits of the business; that the weekly salary was paid in full, but that there is due him as his share of the operating profits a balance of $514.24. The defend-

ant in his answer and on the trial admitted the employment and that he agreed to pay the weekly salary aforesaid, but denied the claim of the plaintiff in regard to the stipulated percentage of operating profits, but admitted that at the time of the employment he agreed to pay him a bonus from time to time, but that the amount thereof was not fixed, and that the payment thereof and the amount were left entirely to the judgment and good will of the defendant.

The following appears undisputed from the evidence: That the predecessor of the plaintiff had received, in addition to a weekly salary of $30, a bonus of fifteen per cent. of the operating profits, and that such bonus was estimated upon the profits as disclosed at the end of each month during the period of employment; that plaintiff's predecessor, at the end of each month, received a statement showing the condition of the business for the month, the operating profit, and the fifteen per cent. allowed him as a bonus. Plaintiff testified that at the time of his employment the defendant agreed to compensate him for his services in the same manner as had previously been done with his predecessor. At the end of each month of plaintiff's employment, which covered a period of over two years, the defendant or his bookkeeper handed to him a statement like the one aforesaid. The various monthly statements were introduced in evidence, and it appears therefrom that with the exception of a few months an operating profit was shown. Four statements introduced in evidence, instead of showing a profit, showed a loss, but this loss nowhere appeared to be offset against the profits in such a manner as to proportionately reduce the plaintiff's percentage of profits. From time to time during the course of plaintiff's employment the defendant paid to the plaintiff sums of money to be applied upon his share of the operating profits. Plaintiff testified that in the month of July, 1923, after he had been in the employment of the defendant for a period of about one and one-half years and after one operating loss had occurred,

he made a demand of the defendant for the balance due him as his share of the profits, and that the defendant, in addition to the monthly statement, handed him a slip showing the actual balance due him at that time, which he promised and agreed to pay.

The court found that the total amount of plaintiff's share of the profits was $2,713.10; that the payments made by the defendant on such amount aggregated $2,198.86; and that the balance due the plaintiff is the sum of $514.24, for which amount the court ordered judgment.

There is ample testimony in the record to sustain the judgment. The defendant's evidence is vague and contradictory, and while he denied the contention of the plaintiff to pay an operating profit of fifteen per cent., and while he asserted that the amount of the bonus was left dependent entirely upon his own judgment and good will, nevertheless he admitted that he personally handed the plaintiff some of these monthly statements, while the remainder were delivered with his knowledge by his bookkeeper. He also denied handing the plaintiff a slip in the month of July, 1923, which showed plaintiff's balance of his percentage of the profits.

On this appeal defendant's counsel take the position that, assuming that the contract made between the parties was as testified to by the plaintiff, there being no definite period of employment, the amount due to the plaintiff on his bonus must be computed for the entire period, and that the losses as shown by the monthly statements must be offset as against the profits, and that the bonus must be computed upon the amount remaining; and to fortify his contention he cites the case of *Thomas v. Columbia P. Co.* 144 Wis. 470, 129 N. W. 522. The *Thomas Case* is one of the leading cases on the subject in the country and has been frequently cited, not only by this court but by numerous other courts in foreign jurisdictions. In that case the contract was in writing, and by it the plaintiff was appointed the manager of

the defendant's Milwaukee office at a fixed salary per week, with a commission of one-half of one per cent. of the cash receipts of the sales and ten per cent. of the net profits of the office, up to a total profit of $2,000 per month, and thereafter on a basis of five per cent. of such profits.   In the opinion in that case it is said:

"The words 'net profits,' unqualified by custom, usage, or by other words in the contract, would naturally refer to the termination of the adventure.   They may also refer to the expiration of a year or other fiscal period at the end of which profits are to be computed, but which is a fraction of and within the period of adventure.   But in this latter case, if the business continues and covers several of such fiscal periods and the period is for the purpose of computation only and not for the purpose of terminating the adventure, losses and gains arising out of matters covered by an earlier fiscal period, but occurring after ascertainment of the profits for that period, are carried into and increase or diminish the net profits in the next or some succeeding fiscal period.   It does not necessarily alter this that the parties are at liberty at the end of any fiscal period to draw out the profits or a fraction of the profits thus computed, if the adventure is to continue.   This is illustrated by the ordinary profit-and-loss account closed at the end of a fiscal year. . . . It would be an entirely unreasonable construction of this contract to hold that during the period of service the plaintiff might select those months which showed a net profit, compute his percentage on this net profit, and reject all those months which showed a loss."

It was also held in the opinion in that case that "this is the construction which the parties themselves have put upon the contract as shown by competent evidence consisting of monthly statements rendered to the plaintiff and the statement of commission account from May 1, 1905, to July 31, 1906, also that of March 5, 1907, *in which the net profits of one month were offset against the losses of other months.* The plaintiff acquiesced in this mode of computation."

The instant case materially differs from the *Thomas Case,* because in the latter case the net profits of one month were

Girman v. Hampel, 188 Wis. 45.

offset against the losses of other months, and the plaintiff in that case acquiesced in such statements, thus showing a construction of the contract by the defendant which was acquiesced in by the plaintiff.  The monthly statements in the *Thomas Case* were necessitated by the very terms of the contract, pursuant to which the commissions were reduced to five per cent. upon all profits during the month exceeding $2,000.  In the instant case no such offsets were computed, and the statements of each month's business reflected the business of such month, showed a profit or a loss, and the operating profit in each month was subjected to a deduction of fifteen per cent. to plaintiff as a bonus.  Furthermore, it appears from plaintiff's evidence that the defendant himself, in July, 1923, delivered to the plaintiff a slip showing his balance without offsetting the operating loss for one month which had occurred, and that the defendant promised and agreed to pay such balance.  So that the contract as originally entered into between the parties must be construed in accordance with the acts and conduct of the parties, and when so construed shows clearly that the fifteen per cent. bonus depended and was based solely upon the profits of the various months in which such profits were shown, without offsetting the losses for other months.  There is nothing, therefore, in the instant case which conflicts with the holding in the *Thomas Case,* and such case is an express authority in support of the judgment in the instant case.

*By the Court.*—The judgment of the lower court is affirmed.